### Sheriff Abel v. Forgue.

What one co-obligor has said who is not sued, cannot be given in evidence against the other.

The creditor consenting to the release of one joint debtor is a release of both.

Action of debt on a bond for £100, dated the 12th of October 1791, wherein the defendant with Hannah Bulkley, bound themselves jointly and severally to the plaintiff, upon the following condition; that whereas Jonathan Bulkley and Francis Forgue, are in prison upon an execution in favor of Aaron Hawley against them, for £24 debt, and £13 16s. 3d. cost, which is dated the 20th of August 1791; now if the said Jonathan and Francis shall abide true and faithful prisoners until legally discharged then said bond is to be void: Breach alleged, that said Francis on the 14th of January A. D. 1792, made his escape from gaol without consent of the plaintiff and the gaoler, and that said execution and bond remained unpaid and unsatisfied.

The defendant plead in bar — That on the 4th of November A. D. 1791, the said Jonathan and Francis being joint debtors imprisoned on said execution, the plaintiff agreed with said Hannah that in case she would pay to him £15 he would consent that said Jonathan should go out of prison; and that he would never make any demand upon her or the said Jonathan on account of said execution or said bond, or in any way or manner sue them, or either of them; and the said Hannah did then and there pay and secure to the plaintiff said sum of £15 which he accepted and thereupon and in consideration thereof did give to the said Jonathan liberty and license to depart from said gaol, and from his imprisonment on said execution,

and to go wheresoever he pleased; and the said Jonathan did on said 4th of November depart from gaol, and from his imprisonment with the free consent of the plaintiff; and said Francis afterwards, viz. on the 14th of January A. D. 1792, departed from said gaol and his imprisonment, as well he might.

The plaintiff replied — Traversing the agreement alleged in the defendant's plea to have been made with said Hannah; also said Jonathan's departing from gaol with his consent on the 4th of November A. D. 1791.

The defendant rejoined, affirming her plea in bar, upon which issue was joined to the jury.

The jury found the facts alleged in the plea in bar, and for the defendant to recover her cost.

On the trial the plaintiff offered to prove what said Hannah had said, but by the court was not permitted; she is not a party to the suit, and what one co-obligor has said cannot be evidence against the other.

The plaintiff moved in arrest of judgment, that said issue was immaterial.

By the COURT. The motion in arrest is insufficient, and the defendant must have judgment. The plaintiff's consenting to the release of said Jonathan from imprisonment on said execution was a discharge of said Francis. For where two are jointly charged and imprisoned on an execution, the creditor's consenting to the release of one, is a discharge of both.